# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS

FIRST DISTRICT LAW DIVISION

LEE MOMIENT

Plaintiff

-v-

FIRST NATIONAL BANK OF OMAHA

Defendant



## COMPLAINT

Now Comes the Plaintiff, Lee Momient, pro se, and he hereby sues Defendant, FIRST NATIONAL BANK OF OMAHA, ("FNBO") for violations of the TCPA, FCRA, and FCBA and Invasion of Privacy and for various tortious acts and in so doing complains as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages and injunctive relief brought by Plaintiff against Defendants for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.; The Illinois Consumer Fraud Act (ICFA) 815 ILCS 505 et. seq.; the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1), 47 USC § 227(a) (iii); For Violations of Chapter 4 of the Truth in Lending Act, the Fair Credit Billing Act (FCBA); 15 U.S.C. §1666, et seq; and for related tortious acts.

2. Upon belief and information, Plaintiff contends that many of these practices are widespread for the Defendants.

3. Plaintiff intends to propound discovery to determine the actual number of violations of the law were committed by the Defendants against the Plaintiff that were not successfully

documented by Plaintiff herein, and reserves the right to amend his complaint to include discovered violations.

4. Congress enacted the Telecommunications Privacy Act in 1991. The TCPA prohibits certain uses of telecommunications equipment that would interfere with telephone service subscribers' privacy and/or property rights with respect to their telephone. In particular, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system d. to any telephone number assigned to a .. , cellular telephone service ... 47 U.S.C. § 227(b)(1)(A).

5. "Under the TCPA, the term "automatic telephone dialing system" or "autodialer" is defined as "equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (8) to dial such numbers." Id. § 227(a)(1), The Commission has emphasized that this definition covers any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14092, para. 133 (2003) (2003 TCPA Order). The Commission has, for example, concluded that the scope of that definition encompasses "hardware [that], when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of

numbers," in light of, among other things, its conclusion that "the purpose of the requirement that equipment have the capacity to store or produce telephone numbers to be called' is to ensure that the prohibition on autodialed calls not be circumvented. n Id. at 14091-93, paras. 131, 133." [Quoting, FCC ruling (FCC No. 12-143 A 11 nn. 5) emphasis added]

6. The TCPA provides telephone service subscribers a private right of action for injunctive relief and statutory damages for violations:

> A person or entity may ... bring ... an action based on a violation oij47 U.S.C.§ 227(b)] to enjoin such violation, an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or both ... If the court finds that the defendant willfully or knowingly violated [47 U.S.C. § 227(b),] the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the [statutory] damages available above. 47 U.S.c. § 227(b)(3).

## JURISDICTION AND VENUE

7. Venue in this District is proper in that the Plaintiff is domiciled here, the Defendant transacts business here, and the conduct complained of occurred here.

8. This is an action for damages which exceed $100,000.

9. The actions complained of herein occurred within the previous four years and is actionable pursuant to the federal four-year statute of limitations codified in 28 U.S.C. § 1658.

## PARTIES

10. Plaintiff, Lee Momient, is a natural person and is a resident of the State Illinois.

11. Upon information and belief Defendant, FNBO is a foreign corporation; and authorized to do business in ILLINOIS.

## FACTUAL ALLEGATIONS

12. On or about In JULY 27, 2011 Plaintiff mailed a letter to FNBO regarding account his credit card account, disputing the accuracy of the bill and requesting that charges be investigated for fraud and/or identity theft and denying knowledge of the charges to the account; as well as complaining of not receiving certain statements.

13. On or about In JULY 27, 2011 Plaintiff mailed a letter to FNBO regarding account his credit card account and informing FNBO, inter alia:

"That 773-712-3989 is a cellular phone number."

"That you do not attempt or initiate any collections-related-contact with me by phone, but only by mail and only if lawfully permitted"

14. Defendants did not send and or plaintiff did not receive any written communication from FNBO concerning the disputes; investigating the disputed bill; or resolving the matter within 90 days or two billing cycles.

15. Defendant withheld payment of the portion of the bill that was disputed.

16. Upon information and belief DEFENDANT FNBO started collection activity on the disputed portions of the bill by calling plaintiffs cellular phone using and Automatic Telephone Dialing System ("ATDS") several times per day from as early as and possibly earlier than August 2011, through as late as and possible later than January 2012.

17. Upon information and belief DEFENDANT FNBO also continued collection of disputed amounts by reporting to third parties; namely to three CREDIT REPORTING AGENCY'S

(CRA) that the Account was paid late, by 30, 60, 90, 120 days and then ultimately that the account was charged off.

18. Upon information and belief at no point did DEFENDANT FNBO report to the bureaus that the amount or accuracy was disputed.

19. DEFENDANT FNBO closed the account prior to resolving the dispute.

20. On or around October 4, 2011 Plaintiff sent a letter to Trans Union, Equifax and Experian disputing the accuracy of the DEFENDANTS' reporting and requesting verification.

21. Upon information and belief DEFENDANT'S verified the debt as accurate with all the CRA's.

22. On or about February 6, 2012 Plaintiff again disputed the Accuracy of the DEFENDANTS' report entry with the CRA's.

23. DEFENDANT'S verified the entry as accurate.

24. On July 10, 2012 Plaintiff again disputed the Accuracy of the DEFENDANTS' report entry with the CRA's.

25. DEFENDANT'S verified the entry as accurate.

26. On July 26, 2012 Plaintiff again disputed the Accuracy of the DEFENDANTS' report entry with the CRA's.

27. DEFENDANT'S verified the entry as accurate.

28. Upon information and Belief from October 2011 through October 2014 DEFENDANTS FNBO Violated the FCRA by reporting information that was inaccurate to at one or more CRA's; and other third parties including debt collectors.

29. DEFENDANT FNBO continued to violate the FCBA by, amongst many other acts; reporting to third parties that a debt is late or delinquent when it was disputed; by collecting on an amount in dispute; by closing the account prior to resolution of the dispute.

30. DEFENDANT FNBO breached the contract or agreement of the plaintiff and FNBO. (contract unavailable to plaintiff at this time)

31. The above and foregoing actions, inactions and fault of Defendant, as to each and every count, have proximately caused a wide variety of damages to plaintiff.

32. Defendant's false credit reporting about plaintiff has been a substantial factor causing credit denials and other damages.

33. On each of these calls when the phone was answered there would be a several second pause, or an automated message, indicating the use of an Autodialer and or Automated voice.

34. Plaintiff suffered gross exacerbation of physical injuries as a result of repeatedly reaching for and moving to answer unwanted and unwarranted telephone calls which his letter was attempting to avoid.

35. Plaintiff has suffered, and defendant is liable for all, actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, gross exacerbation of physical injuries and illnesses, out-of-pocket expenses, credit denials, property damage, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, loss of happiness, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney fees, and court costs, and other assessments proper by law.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA). 15 U.S.C. §1681

## WILLFUL NON-COMPLIANCE

36. Plaintiff restates and reiterates herein all previous paragraphs.

37. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

38. DEFENDANT is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681 s-2.

39. DEFENDANT willfully violated the FCRA. Defendant' violations include, but are not limited to, the following:

   a) DEFENDANT willfully violated 15 U.S.C. §1681s-2{a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

   b) DEFENDANT willfully violated 15 U.S.C. §1681s-2(b)(1 )(A) by, after receiving notice pursuant to § 1681 i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, willfully failing to conduct an investigation with respect to the disputed information.

   c) DEFENDANT willfully violated 15 U.S.C. §1681s-2(b){B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

d) DEFENDANT willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendant for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT II

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA). 15 U.S.C. §1681

## NEGLIGENT NON-COMPLIANCE

40. Plaintiff restates and reiterates herein all previous paragraphs.

41. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

42. DEFENDANT is a furnisher of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

43. DEFENDANT negligently violated the FCRA. Defendant' violations include, but are not limited to, the following:

a) DEFENDANT negligently violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

    b) DEFENDANT negligently violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681 i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

    c) DEFENDANT negligently violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to

    d) § 1681 i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

    e) DEFENDANT negligently violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681 i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against DEFENDANT for actual or statutory damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT III

### FAIR CREDIT BILLING ACT

### DECLARATORY RELIEF

44.    Plaintiff restates and reiterates herein all previous paragraphs.

45. As alleged herein, Defendants were notified in writing by plaintiff of billing errors, and fraudulent charges, as required by law, and defendant failed to timely or properly respond, on multiple occasions; and continued collection activity of disputed amounts; and reported to third party CRA's that the plaintiff was late in paying a disputed amount; and failed to conduct a reasonable investigation; and closed the plaintiffs account during the pendency of a dispute; and each such violation gives rise to a distinct action under the FCBA, 15 U.S.C. 1666, et. seq.

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual or statutory damages, and punitive damages, attorney's fees and costs, and double the erroneous charge(s).

ALTERNATIVELY, This count needs to be determined by declaratory ruling to determine the accurate amount of the disputed debt and if, as alleged, the defendants waived any right to collect any portion of the alleged debt by failing to comply with the billing dispute requirements of the FCBA.

## COUNT IV

## INVASION OF THE RIGHT OF PRIVACY BY INTRUSION UPON SECLUSION

## FNBO

46. Plaintiff restates and reiterates herein all previous paragraphs.

47. The Defendant FNBO undertook a series of up to and possibly more than 80 separate communications to the private home and private cellphone of the Plaintiff constituting an invasion of privacy by intrusion upon seclusion of another, as set out and described in the common law of the State of ILLINOIS. Said communications were harassing, unreasonable,

systematic and continuous in number and made in disregard for Plaintiffs' right to privacy and seclusion; after repeated, lawful requests that the Defendant no longer contact him by phone pursuant to the TCPA and the FDCPA and common decency. Said communications were made to intentionally distress, annoy, force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying an alleged debt.

48. The actions of the Defendant would be highly offensive or objectionable to any reasonable person.

49. Said invasions were intentional, willful, and malicious, and violated the Plaintiffs' privacy.

50. Said invasions were a regular, continuous and systematic, harassing and unreasonable collection effort contrary to the law of the State of Illinois and violated the Plaintiffs' privacy.

51. Plaintiff avers that the Defendants telephoned the Plaintiff on multiple occasions demanding payment.

52. The Plaintiff avers that the communications were made by automated dialers acting on behalf of defendant.

53. Plaintiff suffered anguish, harassment, hounding, exacerbation of existing medical condition (panic disorder); exacerbation of existing physical illnesses (herniated disc).

54. Plaintiff repeatedly and continuously begged and pleaded with Defendants to stop calling, that the calls were creating great emotional distress, physical sickness, and mental pain and anguish.

55. Defendants refused to cease and desist the calling, hounding and harassment.

56. Defendants have continuously and repeatedly called The Plaintiff at home after being told not to call and that the calls were making him physically sick and creating great emotional distress and mental pain and anguish.

57. As a proximate consequence of said invasion of the right of privacy, Defendants have caused the Plaintiff to suffer great worry, loss of sleep, anxiety, embarrassment, nervousness, physical sickness, and physical and mental injury, pain,

## COUNT V

## WILLFULL AND KNOWING

### Violations of the Telephone Consumer Protection Act

58. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

59. Defendant willingly and knowingly violated a regulation prescribed under 47 U.S.C. § 227(b), namely C.F.R. 64.1200(b)(1), each, of nearly, and possibly more than, 40 separate occasions by each time leaving a prerecorded telephone message in Plaintiffs voicemail that did not clearly state the name under which Defendant was registered to conduct business.

60. Alternatively, the defendant acted negligently when calling in the manner described.

**WHEREFORE**, As a result of FNBO'S knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

**Alternatively**, in the unlikely event that the violations of FNBO are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against FNBO for the greater

of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

## COUNT VI

### WILLFULL AND KNOWING

### Violations of the Telephone Consumer Protection Act

61. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

62. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on nearly, and possibly more than, 100 separate occasions by each time calling Plaintiffs cellular telephone using both an ATDS capable system without Plaintiffs prior express consent.

63. Alternatively, the defendant acted negligently when calling in the manner described.

**WHEREFORE,** As a result of FNBO'S knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

**Alternatively**, in the unlikely event that the violations of FNBO are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against FNBO for the greater of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

## COUNT VI

## WILLFULL AND KNOWING

### Violations of the Telephone Consumer Protection Act

64.     Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

65.     Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on of nearly, and possibly more than, 80 separate occasions by each time calling Plaintiffs cellular telephone using both an ATDS capable system and a prerecorded voice without Plaintiffs prior express consent.

66.     Alternatively, the defendant acted negligently when calling in the manner described.

**WHEREFORE**, As a result of FNBO'S knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3) as well as punitive damages, attorney's fees and costs.

**Alternatively**, in the unlikely event that the violations of FNBO are found to not be knowing and or willful the plaintiff is entitled to judgment for damages against FNBO for the greater of actual damages or statutory damages of $500.00 per each call in violation of the statute pursuant to 47 U.S.C. § 227(b)(3); as well as punitive damages, attorney's fees and costs.

WHEREFORE, PLAINTIFF, LEE MOMIENT, PRAYS that after all due proceedings are had there be Judgment herein in favor of Plaintiffs and against related Defendants, on ALL COUNTS as follows:

That there be Judgment herein in favor of Plaintiff, LEE MOMIENT, and against FNBO, for all reasonable damages sustained by Plaintiff, including, but not limited to, statutory damages, compensatory damages associated with the costs of out-of-pocket expenses, gross exacerbation of existing physical injury, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, aggravation, credit related damages, property equity losses, credit denials, property damage, and for punitive damages, attorney fees, costs

incurred, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid in full. FURTHER PRAY for any and all general, equitable and necessary relief.

PLAINTIFF FURTHER PRAYS for any and all general, equitable and necessary relief.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Lee Momient

_____ 2-5-2015

P.O. Box 608082

Chicago, IL 60660

773-712-3989


This action is for damages greater than $100,000,

Service List:

Daniel K. O'Neill - PRESIDENT
First National Bank of Omaha
P.O. BOX 2490
Omaha, NE 68103-2490

TSYS Merchant Solutions, LLC
Registered Agent of First National Bank of Omaha
CT CORPORATION SYSTEM
208 S. LASALLE STE 814
CHICAGO IL 60604