IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEE MOMIENT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15 CV 2638 |
| | ) | |
| v. | ) | Hon. Charles R. Norgle |
| | ) | |
| FIRST NATIONAL BANK OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 41.1, this case is dismissed with prejudice for want of prosecution. Civil case terminated.

## STATEMENT

The Court issued an order commanding *pro se*[1] Plaintiff Lee Momient ("Plaintiff") to show cause why his case should not be dismissed for want of prosecution and violation of the Court's February 2, 2016 Order. As ordered, Plaintiff appeared before the Court and offered his explanations for why he thought the case should not be dismissed. For the following reasons, Plaintiff's oral representations are unpersuasive. Accordingly, this case is dismissed.

On February 5, 2015, Plaintiff filed a Complaint in the Circuit Court of Cook County, alleging that Defendant First National Bank of Omaha ("Defendant") violated state and federal consumer protection laws, such as, the Fair Credit Reporting Act and the Telephone Consumer Protection Act. Defendant received service on February 24, 2015, removed the action to this Court on March 27, 2015, and answered Plaintiff's Complaint on May 13, 2015. That same day, Plaintiff filed for entry of default pursuant to Rule 55(a). The Court denied Plaintiff's motion for default because it lacked a sum certain, and there was no prerequisite finding that Defendant was in default for failing to appear. See Order at 1 (July 8, 2015) Dkt. [10]. Plaintiff's motion for default was the first and only written motion filed on Plaintiff's own volition during the entire course of this litigation.

---

[1] "That courts are required to give liberal construction to pro se pleadings is well established. Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir.2006). However, it is also well established that pro se litigants are not excused from compliance with procedural rules. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel")." Pearle Vision v. Romm, 541 F.3d 751, 758 (7th Cir. 2008). Although not an attorney, Plaintiff is an experienced litigator. Plaintiff's experience is detailed in his case against Northwest Collectors, Inc., in which the Court found that Lee Momient was the plaintiff in thirteen federal lawsuits and eight cases in state court over the course of three years. Momient v. Northwest Collectors, Inc., Case No. 13-2140 (N.D. Ill. Dec. 3, 2014). In addition to the cases listed in Northwest Collectors, Inc., a search on CM/ECF shows that Plaintiff has added another ten cases (which includes this one) to his resume since December 2014. Because of his extensive litigation experience, the Court does not afford him liberal construction or excuse him from compliance with federal rules simply because he is not represented by an attorney.

For the last seventeen months since the denial of Plaintiff's motion for default, the case has languished on the Court's docket without any initiative from Plaintiff. In August 2015, Defendant filed a "joint" status report, in which discovery was set to conclude on January 4, 2016. Accordingly, the Court set a February 2, 2016 trial date. Thereafter, neither party filed any motions, much less any potentially dispositive motions, prior to trial.

On the scheduled day of trial, both parties appeared. A corporate representative and trial counsel appeared for Defendant, and Plaintiff appeared personally. However, Plaintiff did not have any documents, witnesses, or evidence prepared for trial that day. The Court granted Plaintiff's oral motion for a continuance and ordered Plaintiff to submit a Final Pretrial Order on February 16, 2016. The Court's Order was memorialized in a minute entry entered the same day as the hearing.

On February 16th, Plaintiff submitted a "Pre-trial Memorandum." Plaintiff's memorandum disregarded Federal Rule of Civil Procedure 16, Local Rule 16.1, and the Final Pretrial Order template provided by the United States District Court for the Northern District of Illinois. The only witness that Plaintiff identified was himself. Plaintiff did not include any documentary evidence, but instead stated that the documents were "available upon request." Pl.'s Pre-trial Mem. at 2. The memorandum lacked an itemized statement of damages. The memorandum demanded a jury trial, but did not provide any jury instructions. The fundamental basics showing that Plaintiff was prepared for trial were missing.

Defendant filed a response to Plaintiff's memorandum, stating that Plaintiff failed to comply with the mandate of Local Rule 16.1, and that Plaintiff made misrepresentations in his memorandum. Defendant concluded its response by asking the Court to dismiss the case for Plaintiff's failure to comply with the Court's February 2nd Order.

About a week later, Plaintiff replied to Defendant's response. Plaintiff contended that: (1) the Court ordered him to submit a "Pre-Trial Memorandum"; (2) he could not find any rule pertaining to a "Pre-Trial Memorandum"; (3) no trial date was set; (4) no order from the Court required Plaintiff to submit a "pre-trial order"; and (5) he followed the oral instructions given by the Court during the February 2nd hearing. Plaintiff, however, took no action to correct the deficiencies in his memorandum. Pl.'s Reply to Def.'s Resp. to Pl.'s Pre-trial Mem. at 1. After Plaintiff's reply, this case sat idle for eight months until the Court ordered Plaintiff to personally appear to show cause why his case should not be dismissed.

At the hearing to show cause, Plaintiff reiterated his sentiment that the Court ordered him to submit a "Pre-Trial Memorandum," that there is no rule addressing such a memorandum, and that he put forth his best effort to comply with the Court's Order. He also elaborated on his position by informing the Court that he had called the Courtroom Deputy on a couple of occasions to inquire about a trial date; according to Plaintiff, the last inquiry was sometime in August. Those assertions notwithstanding, Plaintiff confirmed that he had not attempted to file any motions, conduct any discovery, or take any formal action to prosecute his case.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962). Dismissal for want of prosecution, however, "'is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing.'" Kasalo v. Harris & Harris, Ltd., 656 F.3d 557, 561 (7th Cir. 2011) (quoting Gabriel v. Hamlin, 514 F.3d

2

734, 736 (7th Cir. 2008)). The Seventh Circuit has suggested several factors for the district court to consider when deciding whether to dismiss a case for want of prosecution. Id. Such factors include, but are not limited to, the overall merit of the suit, and whether the misfeasance is attributable to the plaintiff himself or his lawyer. Id. "Although dismissal is a harsh sanction that should be imposed infrequently, we recognize that the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." Salata v. Weyerhaeuser Co., 757 F.3d 695, 699 (7th Cir. 2014) (quoting Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177-78 (7th Cir. 1987) (affirming district court's dismissal with prejudice for plaintiff's failure to prosecute her claims)).

    This case has been pending for almost two years, and Plaintiff has not produced any evidence to support the merits of his claims—not a credit card account, not a phone record, not even an affidavit. Defendant's actions to defend against this lawsuit have been minimal, but that lack of effort does not relieve Plaintiff of the burden of proving his claims. Plaintiff's inaction has led to a dearth of evidence supporting his actual consumer protection claims. The discovery deadline passed eleven months ago. He cannot restart the litigation process from the beginning. A couple mere phone calls are not enough to keep a meritless case alive. Plaintiff's failure to advance this case can be attributed to no one other than himself. There is no point wasting the Court's time, the Courtroom Deputy's time, the Court Reporter's time, the potential jurors' time, and the Defendant's time and resources by proceeding to trial when Plaintiff has not produced any evidence to prove his claims. The Court finds that this is an extraordinary case with a clear record of delay that warrants the harsh sanction of dismissal.

    Although delay alone can warrant dismissal, the Court also finds that Plaintiff's contumacious conduct warrants dismissal. Plaintiff came to Court on the day of trial completely unprepared. The Court granted him an extension to prepare and comply with the standard pretrial procedures. Plaintiff then disobeyed the Court's Order and the District's Standing Order by not submitting a Final Pretrial Order. Local Rule 16.1 blatantly warns that "[f]ailure of either party to comply with the substance or the spirit of this Standing Order [establishing pretrial procedure] may result in dismissal of the action." Furthermore, Plaintiff's representations at the show cause hearing were disingenuous for a couple of reasons. First, the February 2nd Minute Entry explicitly states that the "Final Pretrial Order is due on or before February 16, 2016." The Court's Order is void any mention of a memorandum. Second, review of the February 2nd transcript shows that the Court stated "pretrial order" eleven times during the hearing. The Court never even muttered the word memorandum during the hearing. Beyond simply failing to comply with the Court's orders, at the show cause hearing, Plaintiff compounded his errors by not being candid with the Court. Plaintiff's misrepresentations were made repeatedly and emphatically after the Courtroom Deputy administered the oath. Accordingly, the Court enforces its essential power to sanction through dismissal; this case is dismissed with prejudice for Plaintiff's failure to prosecute.

    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: December 8, 2016

3